UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  Case No. 19-cv-05237
CORLISS RHODES,

                                        Plaintiff,

                                                               **COMPLAINT**

              -against-

CETERIS PORTFOLIO SERVICES, LLC
d/b/a NORTH SHORE AGENCY,

                                        Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2.     Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the allegedly defaulted obligation which defendant sought to collect from plaintiff was a consumer debt alleged to be owed to Publishers Clearing House ("PCH").

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails and the telephone in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is foreign limited liability company organized under the laws of the State of Delaware.

FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated herein.

15. At some point in time, PCH alleged that plaintiff owed it a debt and the debt had fallen into default

16. Plaintiff did not believe she ever opened any account with PCH or owed PCH any money.

17. After receipt of communications from PCH, plaintiff consulted with her attorneys at Fagenson & Puglisi concerning the communications and the alleged debt.

18. On behalf of plaintiff, Fagenson & Puglisi sent a letter dated June 4, 2019 to PCH.

19. In the letter, Fagenson & Puglisi informed PCH that Fagenson & Puglisi represents plaintiff and that plaintiff should not be contacted directly.

20. Further, in the said letter Fagenson & Puglisi informed PCH that plaintiff disputed the debt and requested documentation supporting PCH's claim.

21. Thereafter, defendant sent a collection letter dated August 27, 2019 to plaintiff.

22. Said collection letter was an attempt by defendant to collect the said alleged PCH debt.

23. Defendant sent its collection letter directly to plaintiff at her home.

24. Defendant sent the collection letter to plaintiff on behalf of PCH.

25. Defendant sent the collection letter to plaintiff in an attempt to collect the said debt allegedly owed to PCH.

26. PCH hired defendant to collect the debt from plaintiff.

27. In the matter of the collection of the said debt, PCH was defendant's client.

28. Defendant's client, PCH, knew that plaintiff was represented by counsel.

29. Defendant's client, PCH, knew that plaintiff was represented by counsel and should not be contacted directly before defendant sent its said collection letter to plaintiff.

30. PCH informed defendant that plaintiff was represented by counsel.

31. PCH informed defendant that plaintiff was represented by counsel before defendant sent its said collection letter directly to plaintiff at her home.

32. Defendant knew that plaintiff was represented by counsel and should not be contacted directly.

33. Defendant knew that plaintiff was represented by counsel and should not be contacted directly before defendant sent its said collection letter directly to plaintiff at her home.

34. In any event, defendant had an affirmative duty to inquire of PCH whether plaintiff was represented by counsel before defendant communicated directly with plaintiff.

35. Defendant did not inquire of PCH whether plaintiff was represented by counsel before defendant communicated directly with plaintiff.

36. Defendant communicated directly with plaintiff by the sending of its collection letter directly to her at her home, notwithstanding defendant's prior knowledge that plaintiff was represented by counsel in the matter of the debt.

37. Upon receipt of the said collection letter from defendant, plaintiff felt confusion, surprise, annoyance, irritation, upset, frustration and a sense that defendant was trying to intimidate and harass her into paying the disputed debt which she did not believe she owed.

## AS AND FOR A FIRST CAUSE OF ACTION

### Improper direct communication with plaintiff

### 15 U.S.C. §§ 1692c(a)(2) and 1692e

38. Plaintiff re-alleges paragraphs 1 to 37 as if fully re-stated herein.

39. Defendant knew that plaintiff was represented by Fagenson & Puglisi before defendant sent its collection letter directly to plaintiff at her home.

40. Further, defendant had an affirmative duty to inquire of its client, PCH, whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff at her home.

41. Defendant did not inquire of PCH whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff at her home.

42. In sending its collection letter directly to plaintiff at her home, notwithstanding knowledge that plaintiff was represented by counsel, defendant violated 15 U.S.C. § 1692c(a)(2).

43. Defendant's sending of its collection letter directly to plaintiff at her home was a result of defendant's violation of its affirmative duty to inquire of PCH, before communicating with plaintiff directly, whether plaintiff was represented by counsel, thereby violating 15 U.S.C. § 1692c(a)(2).

44. Defendant is further in violation of 15 U.S.C. § 1692e in that defendant's sending of its letter directly to plaintiff at her home despite its knowledge that plaintiff was represented by counsel constitutes a deceptive and misleading means used by defendant in an attempt to collect the debt, and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of legal counsel.

45. Defendant is further in violation of 15 U.S.C. § 1692e in that defendant's conduct in communicating with plaintiff directly as a result of its violation of its affirmative duty to inquire of PCH, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of legal counsel.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

46. Plaintiff re-alleges paragraphs 1 to 45 as if fully re-stated herein.

47. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

48. Defendant breached its duty to collect plaintiff's debt with reasonable care.

49. In the exercise of reasonable care defendant ought to have ensured that for any debt on which an attorney represented the consumer any communication by defendant was made with the attorney and not with the consumer directly.

50. The fact that defendant contacted plaintiff directly regarding the same debt for which defendant had been informed that plaintiff had legal representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

51. On information and belief, defendant obtains hundreds of accounts of New York residents each month for the purpose of collection.

52. Defendant's act of communicating with plaintiff directly is a deceptive act and practice.

53. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

54. Defendant's deceptive act and practice was consumer–oriented, in that defendant's act of communicating directly with a legally–represented consumer despite knowledge that she was represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant obtained from PCH for collection and on which there was legal representation.

55. Defendant maintained no procedure to ensure that it did not communicate directly with consumers it knew to be represented by counsel.

56. Defendant's said conduct of communicating directly with legally–represented consumers has a broader impact on consumers at large whose accounts are obtained by defendant from PCH for collection and who are represented by counsel in the matter of the collection of their debts.

57. Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its collection letter to plaintiff directly at her home, thereby improperly encouraging plaintiff to communicate with defendant directly about a debt for which she had the representation of counsel.

58. Therefore, defendant's failure to honor plaintiff's legal representation and its sending of its collection letter directly to plaintiff was deceptive and misleading in a material way.

59. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

60. Upon receipt of the said collection letter from defendant, plaintiff felt confusion, surprise, annoyance, irritation, upset, frustration and a sense that defendant was trying to intimidate and harass her into paying the disputed debt which she did not believe she owed.

61. As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d) enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g) in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 12, 2019.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com